UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL SPRINKLER INDUSTRY PENSION FUND, *et al.* | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 8:22-cv-00326-TDC |
| FDC FIRE PROTECTION, INC. | * | |
| Defendant | * | |

**REPORT AND RECOMMENDATION**

This is a case concerning allegedly delinquent pension fund contributions and related relief pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Pending before the Court is Plaintiffs Trustees of the National Sprinkler Industry Pension Funds, *et al.*'s ("Plaintiff Funds") Motion for Default Judgment. ECF No. 9. This case has been referred to my chambers for a Report and Recommendation. ECF No. 12. Upon review of the Pending Motion and related documents, I recommend that the Motion be granted.

**BACKGROUND**

The following facts are established by the Complaint, ECF No. 1, the Motion for Default Judgment, ECF No. 9, and the Memorandum and evidentiary exhibits filed in support of the Motion for Default Judgment, *see* ECF Nos. 9-1, 9-2, 9-3, 9-4, 9-5, 9-6, 9-7, 9-8, 9-9, 9-10, 9-11, 9-12, 9-13, 9-14, 9-15, 9-16, 9-17, 9-18, 9-19.

Plaintiff Funds are employee benefit plans within the meaning of Section 3(3) of ERISA: the plans are offered to employees through the Collective Bargaining Agreements between Sprinkler Fitters Local Union No. 696 and Road Sprinkler Fitters and Apprentices Local Union 669

1

(collectively, "the Union") and the Defendant. ECF No. 1, at ¶ 1. Together, these benefit plans are referred to as the "NASI Funds." *Id*. Defendant is a New Jersey corporation doing business as an "employer in an industry affecting commerce" as defined by ERISA. *Id*. at ¶ 2. Defendant has a Collective Bargaining Agreement with the Union, which binds Defendant to submit contributions to Plaintiff Funds each month for hours worked by employees affiliated with the Union. *Id*. at ¶ 4.

In their Complaint, Plaintiff Funds allege that Defendant was obligated under the terms of the Collective Bargaining Agreements to make contributions and submit report forms but failed to do so for the months of October through December 2021. *Id*. at ¶ 7. Additionally, Plaintiff Funds allege that the contributions for the months of April 2021 through August 2021 were paid late. *Id*. at ¶ 10. *See also* ECF No. 9-3, at ¶ 15. Since payments were not made for October through December, Plaintiffs aver those contributions should also be considered late. ECF No. 1, at ¶ 11. *See also* ECF No. 9-3, at ¶ 16. In their Motion for Default Judgment, Plaintiffs allege that Defendant has made no additional payments and is now delinquent for additional contributions for the months of January 2022 through September 2022. ECF No. 9-1, at 2; *see* ECF No. 9-3, at ¶ 12. Additionally, Plaintiffs request "all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees." ECF No. 1, at 5.

Under Article VI, Section 6 of the Restated Agreements and Declarations of Trust ("Trust Agreements"), when an employer fails to file report forms, Plaintiff Funds may project the delinquency amount using a specified formula: "the Trustees may project as the amount of the delinquency . . . of the average for the monthly payments actually made by the Employer for the last three (3) months for which payments were made." ECF No. 1, at ¶ 8. Using that formula, Plaintiff Funds projected the delinquency for the months of October through December 2021 as

$34,400.97. In their Motion for Default Judgment and related attachments, Plaintiff Funds project an additional delinquency of $103,202.91 to account for missed payments from January 2022 to September 2022. ECF Nos. 9-1, at 2; 9-3, at 4. Additionally, when an employer fails to pay required contributions on time, the employer is obligated to pay liquidated damages as follows: (1) 10% of the amount owed if payment is not received by the 15th of the month; (2) an additional 5% is added if payment is not received by the last working day of the month in which payment was due; and (3) an additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due. ECF No. 1, at ¶ 12. Plaintiff Funds also contend they are entitled to interest on the delinquent payments as specified in the Trust Agreements. *Id*. at ¶ 13. Under the Trust Agreements, interest on delinquent contributions "is assessed at a rate of 12% per annum on paid contributions through the date of payment and on unpaid contributions through November 15, 2022 and continuing through the date of payment." ECF No. 9-1, at 2.

Plaintiffs filed their Complaint on February 7, 2022. ECF No. 1. The summons was returned executed on March 1, 2022. ECF No. 7. Defendant neither answered the Complaint nor otherwise defended against the suit. On November 7, 2022, Plaintiff Funds filed both a Motion for Clerk's Entry of Default, ECF No. 8, and a Motion for Default Judgment. ECF No. 9. The Motion for Clerk's Entry of Default was granted on November 15, 2022. ECF No. 11. The case was then referred to my Chambers for a Report and Recommendation regarding the Motion for Default Judgment. ECF No. 12. A hearing was held to discuss appropriate damages on May 15, 2023. ECF No. 14.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear.

Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters., Inc., v. Delane*, 446 F.Supp.2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F.Supp.2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F.Supp.2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662

(2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g., Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972, at *2-*3 (D. Md. Apr. 9, 2012); *U.S. v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832, at *2-*3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 544 (D. Md. 2011).  Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pled and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied. *Balt. Line Handling Co.*, 771 F. Supp. 2d at 544-45 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the complaint alleges facts sufficient for the Court to find liability, then the Court turns to damages. *Walsh v. Yost*, No. 8:20-cv-00448-PX, 2022 WL 9362277, at *2 (D. Md. Oct. 14, 2022). Damages are limited to what is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing, by affidavit, or by other records. *See id.*; *see also Monge v. Portofino Ristorante*, 751 F.Supp.2d 789, 794-95 (D. Md. 2010).

## ANALYSIS

### I.   Liability

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Trustees of National Electrical Benefit Fund v. All*

*Nu Electrical Contracting Corp.*, No. GJH-22-0544, 2023 WL 1416553, at *2 (D. Md. Jan 31, 2023). Section 502(g) of ERISA allows a fiduciary to enforce this provision and bring suit to recover: (1) the delinquent contributions under Section 515; (2) any interest on the delinquent contributions; (3) liquidated damages in "an amount equal to the greater of . . . (i) interest on the [delinquent] contributions, or . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the delinquent contributions; (4) reasonable attorneys' fees and costs; and (5) "such other legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "The Supreme Court has found that these sections of ERISA 'provide trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions.'" *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F.Supp.2d 680, 685-86 (D. Md. 2013) (quoting *Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)). *See generally Trustees of National Electrical Benefit Fund v. Loga Holding, LLC*, No. PWG-21-cv-2917, 2022 WL 3100759, at *2 (D. Md. Aug. 4, 2022). "Furthermore, in an action to collect delinquent contributions, 'a multiemployer plan can enforce, as written, the contribution requirements found in the controlling documents.'" *Loga Holding*, 2022 WL 3100759, at *2 (citing *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997)).

  Here, Defendant is and has been a signatory to Collective Bargaining Agreements with the Union that require monthly contributions. ECF No. 1, at ¶ 4. As established by the affidavit of John P. Eger, Fund Administrator of the NASI Funds, Defendant failed to make contributions due to Plaintiff Funds for the months of October through December 2021 and for the months of January 2022 through September 2022. ECF No. 9-3, at ¶ 12. As a result, Plaintiff Funds allege that

Defendant therefore owes $137,603.88 in delinquent contributions, $44,164.05 in liquidated damages, $902.00 in costs, $9,950.52 in assessed interest, and $1,413.75 in attorneys' fees. ECF No. 9-1, at 2. Thus, in their Complaint and supporting exhibits, Plaintiff Funds have shown that Defendant violated Section 515 of ERISA. Since, Defendant has not responded to Plaintiffs' Motions within the required timeline, I recommend finding liability based on Plaintiff Funds' showing. *See* Loc. R. 105.2(a) (D. Md. 2021).

## II. Relief

After establishing liability, the Court then assesses the appropriate damages. *All Nu*, 2023 WL 1416553, at *2. Plaintiffs are entitled to: (1) delinquent contributions under Section 515; (2) any interest on the delinquent contributions; (3) liquidated damages in "an amount equal to the greater of . . . (i) interest on the [delinquent] contributions, or . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the delinquent contributions; (4) reasonable attorneys' fees and costs; and (5) "such other legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). "[W]hile the Court may hold a hearing to prove damages, it is not required to do so. It may instead rely on 'detailed affidavits or documentary evidence to determine the appropriate sum.'" *All Nu*, 2023 WL 1416553, at *2 (citing *Adkins v. Tesco*, 180 F.Supp.2d 15, 17 (D.D.C. 2001)).

Plaintiffs have requested $137,603.88 in delinquent contributions, $44,164.05 in liquidated damages, $902.00 in costs, $9,950.52 in assessed interest, and $1,413.75 in attorneys' fees. ECF No. 9-1, at 2, ECF No. 9-17.

### A. Delinquent Contributions

In his affidavit, Mr. Eger attests that Defendant failed to pay the required monthly contributions to the NASI funds between October 2021 and September 2022. ECF No. 9-3, at 4. In

7

total, Defendant owes Plaintiff Funds $137,603.88 in delinquent contributions. *Id*. This amount is greater than the amount originally claimed in the Complaint, which only accounted for delinquent contributions for the months between October and December 2021, totaling $34,400.97. ECF No. 1, at ¶ 9.

Generally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). But, where the complaint provides "notice that additional unspecified damages may be awarded if the case proceeds to judgment," the amount of damages awarded may exceed the amount specifically pled. *Trustees of the National Automatic Sprinkler Industry Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *5 (D. Md. Jan. 21, 2016). In *Harvey*, the trustees of a pension fund filed a motion for default judgment that sought additional funds that had become due after the initial filing. *Id*. at *6. This Court granted the additional amount because, in their complaint, the plaintiffs had included language putting the defendant on notice that failure to defend could result in a judgment for delinquent contributions that accrued during the pendency of the litigation. *Id*. ("Here, although Plaintiffs only demanded $11,579.61 for contributions then due at the time they filed the Complaint, they also sought contributions 'which became due subsequent to the filing of this action through the date of judgment.'").

As in *Harvey*, Plaintiff Funds seek additional contributions that have become due since filing and their Complaint included specific language that put Defendant on notice for a potential increase in the contributions sought. *See* ECF No. 1, at ¶ 13(c) (seeking judgment for "all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment"). The damages sought by Plaintiff Funds are those pled for in the Complaint: while the amount has increased, they remain the type of damages originally sought.

In support of their request, Plaintiffs put forward the Declaration of John P. Eger, Administrator of the NASI Funds, ECF No. 9-3, and an accounting of contributions owed, ECF No. 9-17. The evidentiary basis in the record is adequate and the amounts are appropriate. Accordingly, I recommend awarding Plaintiff Funds $137,603.88 to compensate for Defendant's delinquent contributions.

### B. Interest

ERISA provides for interest on delinquent contributions "using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). "Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961." *Trustees of National Electrical Benefit Fund v. Current Electric of Battle Creek, Inc.*, No. GJH-21-2541, 2022 WL 3447277, at *4 (D. Md. Aug. 16, 2022).

The NASI Trust Agreements provide that interest on late paid contributions will be assessed at the rate of 12% per annum. ECF No. 9-15, at 5. Applying this interest rate, Plaintiff Funds claim $9,950.52 in interest. ECF No. 9-1, at 2. To support this request, Plaintiff Funds provide an accounting of the delinquent contributions, including the amount owed, the number of days delinquent, and the interest accrued. ECF No. 9-17. Based on the calculations described at the hearing held on May 15, 2023,[1] I recommend awarding the slightly reduced amount of $9,922.24, plus any additional interest accrued prior to the satisfaction of this judgment.

### C. Liquidated Damages

---

[1] A motions hearing was held on May 15, 2023 to gather additional information regarding the methods for calculating interest. ECF No. 14. Applying the methods described by Plaintiff Funds' attorney and Mr. Eger, the Fund Administrator, the Court determines that the proper amount of interest is $9,922.24.

Liquidated damages can be awarded at the greater amount of either: (1) the interest on delinquent contributions; or (2) the "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the delinquent contributions. 29 U.S.C. § 1132(g)(2)(C)(i)-(ii). Plaintiff Funds chose to calculate liquidated damages pursuant to the NASI Trust Agreement, which authorizes the assessment of up to 20% of the amount found to be delinquent as liquidated damages, based on the number of days a payment is late. ECF No. 9-11, at 24 (assessing liquidated damages in the amount of 10% if payment is not received by the due date; in the amount of 15% if payment is not received by the first of the month following the month in which payment was due; and in the amount of 20% if payment is not received by the fifteenth of the month following the calendar month in which payment was due).

Plaintiff Funds request liquidated damages assessed on both the late contributions for the months of April 2021 through August 2021 and the unpaid contributions from October 2021 to September 2022, for a total of $44,164.05.[2] ECF No. 9-3 at ¶ 18. While these requests exceed those sought in the Complaint, for the reasons that support recovery of contributions that have become delinquent since filing, I recommend permitting Plaintiff Funds to recover those liquidated damages that have accrued since the initial filing because the basis for their recovery is stated in their Complaint. The evidence in the record is adequate to support these numbers and the amounts are appropriate. As such, I recommend awarding Plaintiffs $44,164.05 in liquidated damages.

---

[2] There is some lingering question as to whether a payment received on the fifteenth of the month following the month in which payment is due is received "by the fifteenth of the month" and should be assessed at the liquidated damages rate of 15% rather than 20%. Here, Plaintiff Funds assess liquidated damages for the May 2021 payment, received on July 15, 2021, at a rate of 20%. ECF No. 9-17. Since Defendant has not briefed the issue and there is some support for using this rate in this District, I recommend awarding liquidated damages as requested in the pending Motion. *See Trustees of National Automatic Sprinkler Industry Welfare Fund v. Metropolitan Fire Protection Systems, LLC*, No. DKC-21-1034, 2023 WL 2894952, at *3 (D. Md. Apr. 11, 2023).

### D. Attorneys' Fees and Costs

Plaintiff Funds claim attorneys' fees and costs totaling $2,315.75, with $1,413.75 allotted to attorneys' fees and $902.00 allotted to costs. ECF No. 9-1, at 2-3. In support of that number, Plaintiffs attach the Declaration of their counsel, Charles W. Gilligan. ECF No. 9-18. Mr. Gilligan attests that he and his paralegal, Teresa Butler, spent a total of 8.5 hours on this case. The 8.5 hours were comprised of .5 hours of attorney time and 8 hours of paralegal time. ECF No. 9-19. These hours were billed at four different rates, pursuant to a change to the negotiated fee structure with Plaintiff Funds. Prior to April 1, 2022, Mr. Gilligan's firm billed at the rates of $335 per hour for attorney time and $150 per hour for paralegal time; as of April 1, 2022, Mr. Gilligan's firm billed at the rates of $350 per hour for attorney time and $160 per hour for paralegal time. ECF No. 9-18, at 2. *See* ECF No. 9-19 (listing the hours allotted to and the total charged for the completion of tasks related to this litigation). Mr. Gilligan also attests to the costs associated with litigation, comprised of $402.00 to file the Complaint and $500.00 to serve process. ECF No. 9-18, at 2.

When assessing the reasonableness of an award of attorneys' fees, a court first "determine[s] the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In determining the reasonableness of the billing rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "Johnson factors"):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the

> amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Trustees of National Electrical Benefit Fund v. Loga Holding, LLC*, No. PWG-21-cv-2917, 2022 WL 3100759, at *4 (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).

Applying these factors, I recommend finding that the number of hours billed is reasonable given the nature of the legal claims. *See Harvey*, 2016 WL 297425, at *6 (granting a fee award of 13 hours in a comparable ERISA case, comprised of .5 hours of attorney time and 12.5 hours of paralegal time); *Trustees of the National Automatic Sprinkler Industry Welfare Fund v. Altitude Fire Protection, LLC*, No. GJH-15-2662, 2016 WL 4082622, at *5 (D. Md. Jul. 29, 2016) (granting a fee award of 9 hours in a comparable ERISA case, comprised of .5 hours of attorney time and 8.5 hours of paralegal time).

In the District of Maryland, judges use Appendix B of the Maryland Local Rules to help assess the reasonableness of hourly rates. Loc. R. App. B. (D. Md. 2021). For attorneys admitted to the bar for twenty years or more, the guidelines range is $300 to $475 per hour. Plaintiff Funds' attorney has practiced law for thirty-seven years. ECF No. 9-18, at ¶ 1. Thus, his hourly rates of $335 and $350 are both within the guidelines range. The guidelines range for paralegals is $95 to $150 per hour. While the pre-April 1 rate is within that guideline, the post-April 1 rate is outside of it. Given the extent of Ms. Butler's experience, I recommend using a rate at the upper end of that guideline. As such, the award of attorneys' fees should be reduced to $1,371.25 to reflect a slightly reduced paralegal rate of $150 per hour for hours worked beginning on April 1.

Plaintiffs also seek to recover the $402 statutory filing fee and $500 process service fee in costs. ECF No. 9-18, at ¶ 7. "Costs that may be charged include 'those reasonable out-of-pocket

expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Trs. Of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.*, No. DKC-12-1421, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) (citing *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). The docket reflects that Plaintiff Funds paid the $402.00 filing fee, ECF No. 1, and are therefore entitled to recover that amount. *Loga Holding*, 2022 WL 3100759, at *4. Plaintiff Funds also provide documentation to support the $500 spent on serving process to two out-of-state individuals at a rate of $250 per person; thus, Plaintiffs are entitled to recover that amount as well. *Id.*, ECF No. 9-20.

Accordingly, I recommend an award of $1,371.25 in attorneys' fees and $902.00 in costs, for a total award of $2,273.25.

### E. Other Legal or Equitable Relief as the Court Deems Appropriate

The Court may further authorize "such legal and equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). I do not recommend any such additional relief at this time.

### CONCLUSION

For the aforementioned reasons, I recommend that Plaintiff Funds' Motion for Default Judgment be granted. Judgment should be entered against Defendant and in favor of Plaintiffs in the total amount of $193,963.42. Additionally, post-judgment interest should accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961.

Objections to this Report and Recommendation must be served and filed within fourteen days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Date:  May 23, 2023                                         /s/
                                                    Ajmel A. Quereshi
                                                    U.S. Magistrate Judge